Allan F. Davis; CA Bar No. 108269
adavis@rcrlaw.net
Patrick B. Embrey; CA Bar No. 224308
pembrey@rcrlaw.net
ROBINSON CALCAGNIE ROBINSON
   SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, California 92660
(949) 720-1288, Fax (949) 720-1292

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA G. MELENA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF JOSE MELENA; ANTONIO MELENA, INDIVIDUALLY; ALMA MELENA, INDIVIDUALLY; PEDRO MELENA, INDIVIDUALLY; SARA MELENA, INDIVIDUALLY; EMMA CORTEZ, INDIVIDUALLY; AND CHRISTINA MELENA, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>vs.<br><br>WSF INDUSTRIES, INC.; IPC SYSTEMS ENGINEERING, INC.; JOHN BEAN TECHNOLOGIES CORPORATION; JBT FOODTECH MADERA; TECHNICAL, INC.; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | CASE NO. CV 13-07321 DDP (AGRX)<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

## **STIPULATED CONFIDENTIALITY ORDER**

WHEREAS, the parties anticipate that discovery in the above captioned action (the "Action") will involve the production of trade secret and other confidential, research and development, commercial information, proprietary information, and technical data ("Confidential Information");

1

STIPULATED CONFIDENTIALITY ORDER

WHEREAS, the parties have a mutual interest in the orderly and prompt production of discovery and disclosure of information, and each side has discussed with the other their respective concerns about the propriety of designating any Confidential Information as confidential;

WHEREAS, the parties have stipulated to the issuance of the following Protective Order ("Order") limiting the disclosure of Confidential Information;

ACCORDINGLY, the parties to the Action, by and through their respective attorneys of record, stipulate and agree to the following terms and conditions to safeguard Confidential Information that may be disclosed in the course of this Action. In full, the terms of this agreement are as follows:

IT IS HEREBY ORDERED AND DECREED THAT the parties shall follow the procedures set forth below with respect to information, documents, electronically stored information, or things produced or otherwise disclosed in this Action.

1. Certain documentary, electronic, and other information and other things in the Defendants' possession, custody, and control, consisting of or containing trade secret and other confidential, research and development, commercial information, proprietary information, and technical data ("Confidential Information") will be produced to Plaintiffs' counsel and counsel for other parties in this action subject to the stipulated provisions of this Order.

2. Information obtained from Defendants in discovery which does not constitute trade secret or other confidential, research and development, commercial information, proprietary information and technical data, is not the subject of this Stipulated Order.

3. Concerning the production of Confidential Information, it is agreed that:
    a. The party producing the Confidential Information shall bear the expense of copying or producing the information;
    b. The information shall be produced in a legible format or in electronic format at the option of the requesting party. If electronic, it will be

produced in either native format, or a format agreed to by the parties;

c. The information shall be produced along with a production log indicating to which discovery response the data is responsive, if applicable;

d. The information shall be produced with a case designation and bates number placed on the data, along with the phrase "CONFIDENTIAL PURSUANT TO COURT ORDER," in a location that does not cover or mark over any textual material;

e. The information produced shall be stored in a secure fashion to assure compliance with this order. The requesting party may designate a competent person or entity to serve as his or her agent to organize said data and to limit distribution in accordance with this Order;

f. No party to this action shall seek or request an Order to obtain counsel's core work product unless said party has a good faith basis to believe that the information in dispute does not constitute core work product; and

g. All data produced under the terms of this Stipulation shall be deemed to be the authentic business records of the producing party.

4. The following has been agreed to as to all materials that are the subject of this Order:

a. Such material shall not be produced to any commercial competitor product manufacturer of the party producing the data;

b. Any such materials may be disclosed to any governmental agency, which has oversight authority to study public safety issues pertinent to the product at issue. However, at least 10 days before such data is furnished to the relevant governmental agency, the party making such disclosure shall give notice to the party that produced the

3
STIPULATED CONFIDENTIALITY ORDER

materials in discovery to allow that party the opportunity to ask the governmental agency to maintain the materials as confidential;

c. Such materials may be disclosed to counsel representing any party alleged to have been injured in an accident involving a similar product (commercial retort oven) using componentry supplied by the Defendant. Such disclosure may be made only after the counsel receiving the materials agrees in writing to be bound by the provisions of this agreement and order;

d. Such materials may be provided to the court in connection with consideration of any motion but shall be filed in a sealed envelope with a request that it be placed under seal;

e. The data produced hereto may not otherwise be sold, offered, advertised or publicized to any media representative.

5. Should a requesting party dispute that materials produced constitute trade secret or other confidential research, development, or commercial information, said party shall notify the producing party which may, within 20 days, move for a determination that the materials are entitled to confidentiality. Under such circumstances, the producing party bears the burden of proving the propriety of designating an item as confidential. If no motion is brought within 20 days, the materials shall not be considered confidential and shall not be subject to this Order. If a motion is brought, the materials shall be handled in accordance with this order until the motion is ruled upon, and thereafter shall be subject to this order if the court determines that the material is confidential research, development, or commercial information.

6. Confidential materials may be disclosed to attorneys or other office personnel, experts, contractors, and consultants, working with counsel for the requesting party in the prosecution of the case. In the event that anyone outside the confines of the office of counsel is to receive information covered by this Stipulation, they must agree in writing to the terms of this Stipulated Order.

7. Counsel for the party receiving information the disclosure of which is controlled by this Protective Order shall assure that anyone working in his/her office or as his agent will be familiarized with the terms of this Agreement and be instructed that they are bound by the Order.

8. At the completion of this litigation, all copies of documents which have been designated as confidential may, at the option of the requesting party, be kept or returned to the producing party. If kept, then this Order shall remain in force.

//
//
//
//
//

9. This Order does not apply to and shall have no effect upon evidence offered at trial or in consideration of any proceeding in this case.

IT IS SO STIPULATED.

DATED: 3/5/14

Allan Davis
Patrick Embrey
Robinson, Calcagnie Robinson Shapiro Davis Inc.
Attorneys for Plaintiffs

DATED: 3/5/14

Kenneth Rutan
Law Offices of Linda Libertucci,
Attorneys for Defendant, TechniCAL, Inc.

DATED: _____

Walt Widdelstein
Cohen & Burge
Attorneys for Defendant, IPC Systems Engineering, Inc.

DATED: 8/15/14

Christina Y. Morovati,
Bragg & Kuluva
Attorneys for Defendant WSF Industries, Inc.

IT IS SO ORDERED.

DATE: _____

6
STIPULATED CONFIDENTIALITY ORDER

9. This Order does not apply to and shall have no effect upon evidence offered at trial or in consideration of any proceeding in this case.

IT IS SO STIPULATED.

DATED: _____

Allan Davis
Patrick Embrey
Robinson, Calcagnie Robinson Shapiro Davis Inc.
Attorneys for Plaintiffs

DATED: _____

Kenneth Rutan
Law Offices of Linda Libertucci,
Attorneys for Defendant, TechniCAL, Inc.

DATED: 3/5/14

Walt Widdelstein
Cohen & Burge
Attorneys for Defendant, IPC Systems Engineering, Inc.

DATED: _____

Christina Y. Morovati,
Bragg & Kuluva
Attorneys for Defendant WSF Industries, Inc.

IT IS SO ORDERED.

DATE: 10/23/2014

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE